UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE WRIGHT EL TRIBE,

              Case No. 15-10715

    Plaintiff,

v.               Paul D. Borman
                United States District Judge

MICHIGAN RECON, INC.

    Defendant.
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) (ECF NO.
1); AND (3) DENYING AS MOOT PLAINTIFF'S REQUEST FOR
SERVICE BY U.S. MARSHAL (ECF NO. 3)

   The matter now before the Court is Plaintiff Monroe Wright El Tribe's "Application to proceed in District Court without Prepayment of Fees or Costs" and Request for Service by U.S. Marshal. (ECF Nos. 2, 3). This latest complaint is the third in a series that Plaintiff has filed in this district against the identical Defendant, Michigan Recon, Inc., all alleging the same or related facts, namely that Plaintiff was wrongfully evicted from 9446 Outer Drive, a property in Detroit Michigan. The first action, case number 14-13673, was filed on September 23, 2014 and dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2) for failure to allege a cause of action upon which relief could be granted. (*See Monroe Wright El Tribe v. Michigan Recon, Inc.*, Case No. 14-13673, ECF No. 4). Plaintiff then filed case number 14-13754 on September 29, 2014, and this Court dismissed that complaint pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and noted that the Court also lacked jurisdiction over the matter. (*See Monroe Wright El Tribe v.*

*Michigan Recon, Inc.*, Case No. 14-13754, ECF No. 7).

I.  Proceeding without Prepayment of Fees

As an initial matter, the Court must first address Plaintiff's request to proceed without payment of fees.  Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor."  Here, Plaintiff has supplied an affidavit which provides that he is unemployed, has no savings or current income, but does indicate that Plaintiff holds the property at issue in trust and it is valued at approximately $20,000.00.  (ECF No. 2).  Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Accordingly, a Court must dismiss an action when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  To determine whether an action states a

claim on which relief may be granted under § 1915(e)(2)(B)(ii), this Court must apply the dismissal standard as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). To this end "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Further, a court must dismiss an action as frivolous when "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Whether a complaint is factually frivolous ... is a separate issue from whether it fails to state a claim for relief." *Hill*, 630 F.3d at 471. "Under § 1915(e), courts may dismiss a complaint not only when it is 'based on an indisputably meritless legal theory' but also when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. *Hill*, 630 F.3d at 470 (citing *Neitzke*, 490 U.S. at 328-29). Accordingly, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citing *Iqbal*, 556 U.S. at 678). A complaint is factually frivolous when the claims are "indisputably meritless" and "a judge does

3

not have to accept 'fantastic or delusional' factual allegations as true". *Id*. (citations omitted).

When applying these standards, the Court liberally construes the *pro se* litigant's complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").

II.     Plaintiff Fails to Set Forth a Claim

Plaintiff has returned to this Court for a third time apparently arguing that he was wrongfully evicted by Defendant Michigan Recon Inc. and relying summarily upon the "Vienna Convention Diplomatic Relations Art. 22(I), 28 U.S.C. § 1609".  Plaintiff makes no substantive arguments but rather just states that "Monroe Wright El Tribe is living 'couch to couch'" since the "unlawful eviction" and refers the Court to his previous complaint, in *Monroe Wright El Tribe v. Michigan Recon, Inc*., case number 14-13754.  (Compl. at 2).  Plaintiff then states that he has been injured by the "unlawful eviction performed 10/21/14" that occurred "before a decision was made by the Federal District Court" in the earlier filed case number 14-13754 and refers the Court to international treaties and the Vienna Convention.  (Compl. at 1-2).  Plaintiff states an "order of possession to 9446 Outer Drive is in proper application" and "[t]he damages sought are Punitive, Compensatory Damages and damages for pain and suffering."  (Compl. at 2).

First, the Court notes that Plaintiff appears to be arguing that the alleged wrongful eviction occurred prior to this Court's dismissal of the earlier filed complaint and infers that such

an eviction would not have occurred but for the timing of this Court's order.  This is not so.  The Court dismissed Plaintiff's previous complaint as lacking jurisdiction and also as frivolous pursuant to § 1915(e)(2)(B).  (*See* Case no. 14-13754, ECF No. 7).  Therefore, to the extent Plaintiff's claim is based the argument that an earlier decision in case number 14-13745 would have prevented an eviction such an assertion is without merit.  Accordingly, the Court finds that Plaintiff has failed to set forth a claim based on those allegations.

Next, to the extent Plaintiff is attempting to argue that the eviction was wrongful based on the Vienna Convention, Plaintiff has failed to set forth any facts upon which to base this argument.  While the pleading standard provided in Fed. R. Civ. P. 8 does not require "detailed factual allegations", Plaintiff must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Here, Plaintiff merely asserts that the eviction was unlawful and refers the Court to the Vienna Convention and a related and previously dismissed frivolous action.  Even construing the present allegations in the most liberal manner, Plaintiff has failed to plead enough factual content for the Court to draw a reasonable inference that the Defendant is liable for an "unlawful eviction".

III.    Plaintiff's Claim is Frivolous

Additionally, to the extent one could find that Plaintiff has asserted a claim in the current Complaint, the Court finds again that Plaintiff's claims are factually and legally frivolous.  This Court previously noted in the earlier filed action, case number 14-13754, that Plaintiff claims that he holds the Property at issue for a fictional foreign state known as "Monroe Wright El Tribe" and such a claim is "clearly delusional".  *See Hill*, 630 F.3d at 471 (citation omitted).  Plaintiff appears to be asserting these same allegations in the current action because he persists

in seeking relief through the "Vienna Convention" and refers to this previously dismissed action. (Compl. at 1-2). Just as it did previously, this Court again holds that such allegations are factually and legally frivolous.[1] *See Belle v. FBI*, 46 F. App'x 326 (6th Cir. 2002) (finding that allegations that plaintiff was a victim of a conspiracy among the President of the United States, Osama bin Laden, the Supreme Council of the World was delusional within the meaning of section § 1915(e)(2)).

Accordingly, Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B)(i).

IV. Conclusion

For all these reasons, the Court will GRANT Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2); DISMISS Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 1); and DENY AS MOOT Plaintiff's request for service by the U.S. Marshal (ECF No. 3).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015

---

[1] While not attached to the current action, in case number 14-13754, Plaintiff attached documents setting forth that Monroe Wright El Tribe was allegedly affiliated with the United Commonwealth of Moors and was established as a foreign state through mailing "Minister John Kerry/Pres. Barack Obama" a notice declaring the same. (*See* Case no. 14-13754, ECF Nos. 1, 4).

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2015.

                                          s/Deborah Tofil
                                          Case Manager